WALLACE, JUDGE:
At approximately 4:55 p.m. on October 19,1978, the claimant was driving his 1978 Chevrolet Camaro automobile easterly on U.S. Route 60, a four-lane highway with exit and entrance ramps similar to those commonly found on interstate highways. As he approached the DuPont-Belle exit, the claimant noticed a motorist who had run out of gas and was attempting to hitch a ride. With the intention of aiding the stranded'motorist, the claimant reduced his speed and drove his automobile onto a “Y”-shaped concrete berm separating the highway from the exit ramp. Just prior to stopping, he saw two metal objects mounted in the center of the berm. He applied his brakes but was unable to avoid striking them. The underside of the vehicle was damaged, and the claimant lost several hours of work.
Edward Goodwin, Claims Chief for the Department of Highways, testified that the metal objects were bases for “breakaway” road signs. These bases were 3% inches above the road surface and were cemented into the concrete berm.
The Court is of the opinion that in this case, the placement of these metal bases constituted a dangerous obstruction. It is highly foreseeable that the berm between the highway and an exit ramp would be used for emergency stops, and that an accident such as the one in this case could occur.
The respondent attempted to show that the undercarriage of an automobile of the same make and model as claimant’s would have cleared the bases. However, the respondent failed to consider the fact that the front portion of a braking automobile is projected downward closer to the road surface, and further, the claimant’s automobile was equipped with a special sport suspension which lowered the clearance of the undercarriage to the road surface.
*39 The damage sustained by the automobile was repaired at a cost of $290.87, which was paid, with the exception of $100.00 deductible, by the claimant’s insurance carrier. The insurance company took no active part in the presentation of the claim. The claimant testified that, as a result of the accident, his semiannual premium had been increased by $209.00. He further stated that he was advised by his insurance company to file the claim before this Court, obtain an award, and reimburse the company for the cost of repairs. Upon reimbursement to the company, the claimant was told that the accident would be removed from his record and his premiums returned to the previous levels.
Since this claim was not properly subrogated before the Court, an award cannot be made for the total cost of repairs. However, the $100.00 deductible paid by the claimant is an element of damage which the State in equity and good conscience should absorb. The claimant stated that as a result of the accident, he lost eight hours of work at an hourly rate of $3.55, or a total of $28.40.
The Court, believing that libility exists on the part of the respondent, and that the claimant was free from contributory negligence, makes an award to the claimant in the amount of $128.40.
Award of $128.40.